Natale V. **MASTRIANO**, Petitioner,

v.

**FEDERAL AVIATION ADMINISTRATION,**
Respondent.

**Appeal No. 83–735.**

United States Court of Appeals, Federal Circuit.

Aug. 23, 1983.

Thomas A. Crawford, Jr., Pittsburgh, Pa., for petitioner.

Kathleen A. Flynn, Washington, D.C., for respondent. With her on brief were J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director, and Sandra P. Spooner, Asst. Director, Washington, D.C.

Before BENNETT, Circuit Judge, SKELTON, Senior Circuit Judge, and MILLER, Circuit Judge.

BENNETT, Circuit Judge.

Petitioner, a former air traffic controller, appeals his removal by the Federal Aviation Administration (FAA) based upon his alleged participation in an illegal strike. The Merit Systems Protection Board (MSPB or board), MSPB No. PH315H81F1114 (Nov. 22, 1982), held that it lacked jurisdiction over petitioner's claim because (1) he was a probationary employee, and (2) his allegations of discrimination based upon partisan political reasons were not of the type contemplated by the regulation permitting board review of probationary employees. 5 C.F.R. § 315.806(b) (1981). We *affirm*.

I

Petitioner was hired by the FAA from the civil service register as a probationary air traffic controller on December 28, 1980. On August 3, 1981, the Professional Air Traffic Controllers Organization (PATCO) called upon its members to participate in a strike against the FAA. That evening, President Reagan announced that all air traffic controllers who did not report to work within 48 hours would forfeit their jobs and be terminated. The FAA immediately began adverse action proceedings against those employees who did not return to their first scheduled shift following the deadline set by the President.

Petitioner did not report to work for his regularly scheduled shift at Pittsburgh after the strike began or after the grace period established by the President. As a result, by a letter dated August 14, 1981, petitioner was informed that he was being removed from his position as an air traffic controller because of his participation in an illegal strike. This letter informed petitioner that he would be terminated on August 19, 1981. He was also informed that because of his probationary status (he had been appointed about 8 months earlier), he could appeal to the MSPB if he believed that the removal was based on partisan political reasons or marital status.[1] Petitioner appealed his removal to the MSPB on September 10, 1981.

In a decision dated April 14, 1982, the presiding official of the MSPB first noted that petitioner was still in his probationary period at the time of his removal. Turning to 5 U.S.C. § 7511(a) defining "employees" and to the regulation providing for a limited right of appeal to the MSPB by probationary employees, 5 C.F.R. § 315.806, the presiding official found that only the ground of discrimination based upon partisan political reasons was relevant to petitioner's allegations on appeal of the agency's action. Specifically, petitioner alleged that he received disparate treatment because of his affiliation with PATCO. The presiding official relied upon *Sweeting v. Department of Justice,* 6 MSPB 598 (1981), for the proposition that "discrimination based on 'partisan political reasons' under 5 C.F.R. § 315.806(b) means discrimination based on affiliation with any political party or candidate." The presiding official concluded:

This is not the kind of political discrimination [petitioner] accuses the agency of committing in his case. Therefore 5 C.F.R. Section 315.806(b) does not afford him a right of appeal.

Next, the presiding official rejected petitioner's contention that he was not actually serving a probationary period at the time of his removal, as he was previously employed by the Census Bureau and was transferred to the FAA. The presiding official stated:

It is clear from the Standard Form 50 documenting appellant's appointment as an air traffic controller that he was hired from a civil service register and was subject to a 1-year probationary period beginning December 28, 1980, notwithstanding any previous federal service he might have. His probationary period had not expired when he was terminated.

The presiding official therefore dismissed the appeal for lack of jurisdiction.

In an order dated November 22, 1982, the MSPB denied the petition to review the presiding official's initial decision. Petitioner timely appealed from the final decision of the MSPB to this court.

## II

 As an initial matter, petitioner asserts that the MSPB erred in finding that he was a probationary employee at the time of his removal. Petitioner states that when he "transferred" to the FAA from his position at the Census Bureau there should have been a recomputation of his probationary time to reflect his prior federal service. The MSPB found, however, that petitioner had been appointed to his position as an air traffic controller from a civil service register. As such, 5 C.F.R. § 315.801(a)(1) (1981) clearly mandated that petitioner serve a 1-year probationary period.[2] Since petitioner had only served in his position as an air

---

1. Petitioner was also informed that allegations of discrimination based on race, color, religion, sex, national origin, physical handicap, or age could be raised provided these allegations were in addition to the issue of partisan political reasons or marital status. *See* 5 C.F.R. § 315.806(d). Because petitioner asserts that only partisan political reasons motivated his removal, only this basis for the board's jurisdiction will be discussed.

2. "§ 315.801 Probationary period; when required

"(a) The first year of service of an employee who is given a career or career-conditional appointment under this part is a probationary period when the employee:

"(1) Was appointed from a register; . . ."

traffic controller for 8 months at the time of his removal, the board was clearly correct in its determination that petitioner was a probationary employee.

■ It is well established that the appeal rights of a probationary employee are extremely limited, particularly since the passage of the Civil Service Reform Act of 1978, Pub.L.No. 95–454, 92 Stat. 1111 (codified in scattered sections of 5 U.S.C. (1982)). There is no statutory authorization for an appeal by probationary employees to the MSPB. They are not employees within the meaning of 5 U.S.C. § 7511(a)(1). *See Piskadlo v. Veterans' Administration,* 668 F.2d 82 (1st Cir.1982); *see also Oulvey v. Veterans' Administration,* 690 F.2d 681 (8th Cir. 1982); *Budnick v. MSPB,* 643 F.2d 278 (5th Cir.1981); *Hernandez v. Department of the Treasury,* Ct.Cl. No. 3–81 (order entered Feb. 26, 1982); *Gulden v. Department of the Army,* Ct.Cl. No. 19–80 (order entered Sept. 25, 1981); *cf. Stern v. Department of the Army,* 699 F.2d 1312 (Fed.Cir.1983) (MSPB has no jurisdiction over an appeal by an employee under a temporary appointment limited to 1 year or less). The only cognizable right of appeal by a probationary employee to the MSPB is contained in the regulation previously mentioned, 5 C.F.R. § 315.806. This regulation only permits appeals by probationary employees where it is alleged that the agency action resulted from discrimination based upon marital status or partisan political reasons. Only this latter ground is alleged by petitioner.

■ Specifically, petitioner contends that he is a victim of political discrimination and disparate treatment because he is the nephew of Joseph Mastraieni, a vice president of the Greater Pittsburgh PATCO local. As a consequence of this allegation, petitioner asserts that it was error for the MSPB to deny jurisdiction over his removal, particularly since the MSPB did not allow him to present evidence in support of jurisdiction on this basis.

As mentioned, the presiding official (whose opinion the board adopted) held that petitioner's allegation of discrimination based upon his union affiliation did not fall within the category of "partisan political reasons" as used in the regulation. The presiding official cited *Sweeting v. Department of Justice,* 6 MSPB 598, for the proposition that "partisan political reasons" means "discrimination based on affiliation with any political party or candidate."

The rationale of the board in *Sweeting* can be summarized as follows: prior to the amendment of 5 C.F.R. § 315.806(b) in 1972, the regulation authorized an appeal by an employee where it was alleged that the termination was based on "political reasons"; two judicial decisions, *Holden v. Finch,* 446 F.2d 1311 (D.C.Cir.1971), and *Peale v. United States,* 325 F.Supp. 193 (N.D.Ill.1971), rejected the former Civil Service Commission's (Commission) interpretation that the regulation was confined to allegations of *partisan* political reasons in the Hatch Act (5 U.S.C. § 7324 (1982)) sense; following these decisions, the Commission in 1972 lawfully amended the regulation by adding the word "partisan" before "political reasons" in order to "clarify appeal rights of probationers," 37 Fed.Reg. 26575 (1972); the Office of Personnel Management's (OPM) interpretation of "partisan political reasons" (in its brief filed in *Sweeting*) was the same as the Commission's interpretation of "political reasons" in *Holden,* namely:

> [P]olitical influences, specifically as resulting from affiliation with or support of recognized partisan political parties, their candidates for public office, or their political campaign activities. [466 F.2d at 1314.]

OPM's interpretation is entitled to great deference as it is both reasonable and consistent with the regulation, *see United States v. Larionoff,* 431 U.S. 864, 872, 97 S.Ct. 2150, 2155, 53 L.Ed.2d 48 (1977); and, finally, this interpretation is consistent with Civil Service Rule IV, 5 C.F.R. § 4.2 (1981), which specifies that political discrimination based on "political affiliation" is prohibited in federal employment. The board in *Sweeting* therefore concluded that "partisan political reasons," as used in 5 C.F.R.

§ 315.806(b), means "discrimination based on affiliation with any political party or candidate." 6 MSPB at 601.

We agree with the board's analysis and interpretation of the phrase "partisan political reasons" in 5 C.F.R. § 315.806(b). As a consequence, we hold that the MSPB correctly dismissed petitioner's appeal because his allegations of discrimination based on union affiliation did not state a cause of action within the board's jurisdiction, as defined by the applicable regulation. It was not error, therefore, for the MSPB to deny petitioner a right of proof on this allegation, as, even if his charge was substantiated by the evidence, the MSPB would still not have jurisdiction over his appeal.

Petitioner also makes the following arguments: (1) he was improperly removed from his position by a person unauthorized to remove him; (2) he was deprived of his property right in his employment without due process of law; (3) he was removed based upon false allegations of unfitness for continued employment; and (4) the allegations that petitioner participated in an illegal strike are a "gross fabrication." As none of these arguments address the issue of the board's jurisdiction over an appeal by a probationary employee, we cannot review any claim relating to alleged procedural irregularities, constitutional infirmities, or the merits of petitioner's removal. We offer no opinion on whether petitioner states a claim cognizable in a forum other than the MSPB. For purposes of this appeal, we are limited to a review of the board's decision denying jurisdiction, and we affirm solely on that basis.

Accordingly, on the basis of the parties' submissions and oral argument, we affirm the decision of the MSPB dismissing petitioner's appeal for lack of jurisdiction.

AFFIRMED.