826 F.2d 1072
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Norman G. BUTLER, Petitioner,
v.
GENERAL SERVICES ADMINISTRATION, Respondent.
 Appeal No. 87-3218
 United States Court of Appeals, Federal Circuit.
 July 14, 1987.
 
 MSPB, 32 M.S.P.R. 639(T)
 AFFIRMED.
 Before DAVIS, Circuit Judge, and BENNETT and MILLER, Senior Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board, No. DC315H8610396, March 10, 1987, dismissing petitioner's appeal for lack of jurisdiction on the ground that he was a probationary employee who failed to establish that his removal was the result of discrimination due to marital status or because of partisan political affiliation, is affirmed.
 
 OPINION
 
 2
 Petitioner was serving as a plumber in a probationary trialperiod status under a Veterans Readjustment Appointment when he was terminated for unsatisfactory conduct, effective June 6, 1986. Petitioner has the burden of proof to show jurisdiction. 5 C.F.R. Sec. 1201.56(a)(2) (1987). Mastriano v. Federal Aviation Administration, 714 F.2d 1152, 1155 (Fed. Cir. 1983). A probationary employee has only limited regulatory rights of appeal. The dismissed employee must show that the dismissal was based on marital status or was because of partisan political affiliation. 5 C.F.R. Secs. 315.806(b), 908(b) (1982). Mr. Butler has not alleged the foregoing grounds or made any other attempt to show that the MSPB has jurisdiction. He has not contested the board's findings that his termination occurred during the course of his trial period and that the basis for it was unsatisfactory conduct.
 
 
 3
 The board properly determined that it lacked jurisdiction over the appeal. The appeal to the court is frivolous.