949 F.2d 404
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Crystal S. BROWN, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 91-3257.
 United States Court of Appeals, Federal Circuit.
 Oct. 18, 1991.
 
 Before MICHEL, PLAGER and RADER, Circuit Judges.
 
 DECISION
 PER CURIAM
 
 1
 Crystal S. Brown was removed by the Defense Logistics Agency ("Agency") during her probationary period as a GS-5 level secretary. The removal was based on Ms. Brown's absence without leave on four occasions, upon 508 hours of absences during her employment with the agency, and upon Ms. Brown's alleged insubordination. Ms. Brown appealed to the Merit Systems Protection Board (MSPB or Board). Her appeal was dismissed for lack of jurisdiction by the Administrative Judge (AJ) on June 20, 1990. The full Board denied Brown's petition for review of the AJ's initial decision, which then became final. 5 C.F.R. § 1201.113(b). Brown then appealed the Board's decision to this court. We affirm.
 
 DISCUSSION
 
 2
 On April 27, 1990, the Agency discharged Brown. Since she was a probationary employee at the time, her right to appeal is limited to the grounds set forth in 5 C.F.R. § 315.806. When the dismissal is for post-employment reasons, appeal before the Board is limited to cases in which the employee makes a facially non-frivolous allegation that the removal was based on partisan political reasons or marital status. 5 C.F.R. § 315.806(b); Stokes v. FAA, 761 F.2d 682 (Fed.Cir.1985). "Partisan political reasons" in this context has a definition which is narrower than the ordinary usage of those words might suggest--this jurisdictional ground is limited to discrimination based upon affiliation with a recognized political party or candidate. Mastriano v. FAA, 714 F.2d 1152, 1155-56 (Fed.Cir.1983).
 
 
 3
 To the extent that Brown argues her removal was based on her membership in the Federal Women's Program, she has not raised a sufficient "partisan political reason." Further, if this or any other argument was not raised before the MSPB, it may not be raised for the first time on appeal before this court. Lizut v. Army, 717 F.2d 1391, 1396 (Fed.Cir.1983). Finally, Brown's allegations of prohibited personnel practices which were presented to the AJ do not confer appellate jurisdiction on the MSPB or upon this court, in the absence of a facially non-frivolous allegation of marital or partisan political discrimination. Winn v. Dep't of the Treasury, 7 M.S.P.R. 157, 159 (1981).
 
 
 4
 The legal standard by which the Federal Circuit reviews decisions of the MSPB is that a decision must be affirmed unless it is found to be:
 
 
 5
 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 6
 2) obtained without procedures required by law, rule or regulation having been followed; or
 
 
 7
 3) unsupported by substantial evidence.
 
 
 8
 See 5 U.S.C. § 7703. In light of this standard of review, the decision of the MSPB is affirmed.