972 F.2d 1354
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Garry L. RICHARDS, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3144.
 United States Court of Appeals, Federal Circuit.
 June 8, 1992.
 
 Before MICHEL, LOURIE and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Garry L. Richards petitions for review of the May 28, 1991 Initial Decision of the Administrative Judge (AJ) in Docket No. CH315H9110475, which became final when the Merit Systems Protection Board (Board) denied review on October 31, 1991. The AJ dismissed Richards' appeal from his termination for lack of jurisdiction because Richards was terminated during his probationary period and he failed to allege that his termination was based on partisan political reasons or marital status discrimination. We affirm.
 
 DISCUSSION
 
 2
 On March 15, 1991, the General Services Administration (GSA) informed Richards that he would be terminated from his position as an electrician on April 12, 1991 due to "unacceptable capacity as a journeyman Electrician and ... unacceptable performance...." Richards was informed that because he was being terminated during his probationary period, he could appeal his termination to the Board "only on the grounds that [his] separation resulted from discrimination because of partisan political reasons or marital status." See 5 C.F.R. § 315.806(b) (1991). Because Richards did not assert such grounds in his appeal to the Board, but instead challenged only the reasons given by GSA concerning his unacceptable capacity and performance, the AJ dismissed Richards' appeal for lack of jurisdiction.
 
 
 3
 In his informal brief to this court, Richards once again argues that GSA's grounds for terminating him were improper, stating that "GSA hired me knowing I was not a qualified Journeyman Electrician." Richards does not dispute his probationary status nor does he contend that GSA's decision was discriminatory based on partisan politics or marital status. Because the Board does not have jurisdiction to hear a probationary employee's appeal from a termination unless the employee alleges that the termination "was based on partisan political reasons or marital status," 5 C.F.R. § 315.806(b); see Mastriano v. Federal Aviation Admin., 714 F.2d 1152, 1155 (Fed.Cir.1983), the AJ properly concluded that the Board did not have jurisdiction over Richards' appeal. Therefore, since the AJ's decision is in accordance with law, it must be sustained. See 5 U.S.C. § 7703(c) (1988).