43 F.3d 1486
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gary E. BROWN, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 94-3574.
 United States Court of Appeals, Federal Circuit.
 Dec. 13, 1994.
 
 Before MICHEL, SCHALL and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Gary E. Brown petitions for review of the March 31, 1994 decision of the Merit Systems Protection Board (Board) dismissing his appeal from his separation from employment at the Department of Justice (agency) for lack of jurisdiction. Docket No. SL-0752-94-0156-I-1. The initial decision became the final decision of the Board when the full Board denied review. Because the Board's finding that his separation was voluntary and untainted by misrepresentation was supported by substantial evidence, we affirm.
 
 DISCUSSION
 
 2
 Brown was appointed to the position of Correctional Treatment Specialist, effective July 15, 1990. On February 14, 1991, during a one year probationary period, the agency proposed his removal. On February 22, 1991, Brown resigned rather than face removal.
 
 
 3
 Brown argued before the Board that his resignation was coerced because the agency misrepresented to him that he was a probationary employee when he was, in fact, a non-probationary employee. The Board, however, found that Brown was appointed from a certificate of eligible applicants and therefore was required to complete a one year probationary period in accordance with 5 C.F.R. Sec. 315.801(a) (1993).[1] The Board concluded that because Brown was a probationary employee, his resignation was not coerced. Because the Board does not have jurisdiction over voluntary actions, such as resignations, see Beaty v. Department of Agriculture, 24 M.S.P.R. 658, 661 (1984), the Board dismissed the appeal. Moreover, the Board noted there is no statutory authorization for an appeal by probationary employees to the Board. They are not employees within the meaning of 5 U.S.C. Sec. 7511(a)(1) (1988) and therefore have none of the protections afforded by the Civil Service Retirement Act. Mastriano v. FAA, 714 F.2d 1152, 1155 (Fed.Cir.1983).
 
 
 4
 This court must affirm a decision of the Board unless it finds that the decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accord with the law; (2) obtained without following the procedures required by law, rule, or regulation; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 5
 Brown argues here that he was first selected from a certificate of eligible applicants (listing those on a relevant register) and later actually appointed to his position by a lateral transfer, rather than simply selected from a certificate as found by the Board. Brown relies on a Request for Personnel Action, SF-52, approved May 23, 1990, which indicates that he was appointed as a lateral transfer. Nevertheless, the Board's finding that Brown received his appointment through direct selection from a certificate of eligibles is supported by substantial evidence.
 
 
 6
 David Alderman, a Personnel Management Specialist, initially advised Brown that his appointment was by lateral transfer. Alderman also prepared the May 23, 1990 SF-52. However, Alderman testified that he advised Brown, before Brown accepted the appointment, that he was selected from a certificate of eligibles and must serve a probationary period. Moreover, a letter from the Associate Warden, J.T. Holland, dated June 5, 1990, informed Brown that because he was selected from a certificate of eligibles, he must complete a one year probationary period. In addition, a subsequent Notification of Personnel Action SF-50 approved July 22, 1990 indicated that Brown's appointment was from a certificate of eligibles and that he was subject to a one year probationary period. This evidence clearly supports the Board's finding that Brown was selected from a certificate of eligibles.
 
 
 7
 Brown also argues that the May 23, 1990 SF-52 is determinative of his status because after issuing this document, the government could not change the nature of his appointment without his consent. We have held, however, that an SF-52 is not conclusive on an employee's status and that the government may demonstrate ministerial error in the execution of the SF-52. Grigsby v. Department of Commerce, 727 F.2d 772, 775-76 (Fed.Cir.1984). Thus, the government was not bound by the May 23, 1990 SF-52 which was simply in error. Furthermore, Brown was informed by the June 5, 1990 letter from Associate Warden Holland that he would be required to serve a one-year probationary period. Finally, like the Associate Warden's June letter, the July SF-50 corrected the May SF-52 and duly informed Brown of his probationary status. Therefore, when he resigned the following February, he could not have reasonably believed he was a non-probationary employee. Therefore, his resignation could not have been tainted by a misunderstanding by him or any misrepresentation by government officials.
 
 
 8
 For these reasons, we affirm the Board's dismissal for lack of jurisdiction over this voluntary separation.
 
 
 
 [1]
 5 C.F.R. Sec. 315.801(a) (1993) states:
 (a) The first year of service of an employee who is given a career or career-conditional appointment under this part is a probationary period when the employee:
 (1) Was appointed from a register;
 ....