Sherry J. LESTER, Petitioner,

v.

**DEPARTMENT OF JUSTICE, Respondent.**

**No. 00–3008.**

United States Court of Appeals, Federal Circuit.

Feb. 5, 2001.

Before NEWMAN, RADER, and BRYSON, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Sherry Lester appeals the decision of the Merit Systems Protection Board, Docket No. AT3151981114–I–1, affirming the Board's decision that she did not establish a statutory basis of appeal from this action taken during a probationary period. We *affirm* the Board's decision.

## BACKGROUND

Ms. Lester was employed by the Department of Justice and, after several years of service, was promoted to the position of supervisory legal secretary, grade GS–8, effective August 31, 1997. In June 1998 Ms. Lester received a performance appraisal which stated that she substantially exceeded expectations in three of four critical performance elements and met expectations in the remaining element. On August 28, 1998 she was reassigned to a non-supervisory position, grade GS–986–8, by a letter stating that her performance was inadequate, the letter stating concerns about her ability to follow and enforce policy and regulations, her failure to promote an atmosphere of mentoring and assure that her staff had the necessary tools and knowledge to perform their duties, and expressing a general lack of trust in her supervisory ability. This action was taken before the end of the probationary period for the supervisory position.

Ms. Lester appealed to the Board. The Administrative Judge ("AJ") requested briefing on the question of jurisdiction, for absent a nonfrivolous allegation of discrimination based on marital status or partisan political reasons the Board does not have jurisdiction to review an adverse personnel action taken against a probationary employee. 5 C.F.R. § 315.806(b); *see Hintz v. Department of Army*, 21 F.3d 407, 409 (Fed.Cir.1994); *Mastriano v. Federal Aviation Administration*, 714 F.2d 1152, 1155–56 (Fed.Cir.1983) (discrimination for partisan political reasons is grounds for review of adverse action during probationary period). Ms. Lester stated that partisan politics was the basis for the adverse action. The AJ dismissed the appeal, stating that Ms. Lester did not allege facts which, if proven, would establish discrimination based on partisan politics. The full Board denied her petition for review, 5

C.F.R. § 1201.113, and this appeal followed.

## DISCUSSION

 Whether the Board has jurisdiction of an appeal is a question of law, reviewed *de novo*. *See Herman v. Department of Justice*, 193 F.3d 1375, 1378 (Fed.Cir. 1999). The petitioner has the burden of establishing Board jurisdiction, by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2).

 Ms. Lester challenges the Board's ruling that she did not proffer nonfrivolous allegations that her reassignment was based on partisan political reasons. Nonfrivolous allegations are those which, if proven, *prima facie* establish the necessary factual premises. Ms. Lester argues that her reassignment could only have been for partisan political reasons because it could not have been based on any "work-related" reason, citing her excellent performance appraisal shortly before the reassignment. She describes the appointment of a Republican U.S. Attorney, who replaced a Democratic U.S. Attorney between the time of Ms. Lester's performance appraisal and her reassignment. Ms. Lester states that the Republican U.S. Attorney knew from a conversation with Ms. Lester that she is a Democrat and related to then Vice President Gore. The AJ found that these allegations, even if proven, did not establish that Ms. Lester's appointment would not have been terminated even if her political affiliation were the same as that of the new U.S. Attorney.

The Board correctly concluded that the mere fact of different political affiliation or belief is not of itself evidence of discrimination for partisan political reasons. Ms. Lester has not alleged facts which if proven could establish that she was the victim of political discrimination. Since a *prima facie* case of discrimination on this ground was not presented, or other of the limited grounds set forth in 5 C.F.R. § 315.806(b), Ms. Lester has no right of appeal of this action during the probationary period. Whether her performance was in fact superior, or the agency's justification supportable, did not establish a right of appeal to the Board.

No costs.