Veronica **MONTES–RODRIGUEZ**,
Petitioner,

v.

**MERIT SYSTEMS PROTECTION BOARD**, Respondent.

No. 02–3400.

United States Court of Appeals,
Federal Circuit.

DECIDED: May 15, 2003.

Before NEWMAN, CLEVENGER, and GAJARSA, Circuit Judges.

PER CURIAM.

Veronica Montes–Rodriguez petitions for review of the decision of the Merit Systems Protection Board, Docket No. AT315H020322–I–1, dismissing her appeal for lack of jurisdiction. For the reasons that follow, we *affirm* the decision of the Board.

**Background**

Ms. Montes–Rodriguez was an animal caretaker for the United States Department of Agriculture when she was terminated from employment during her one-year probationary period. The agency provided a written notification of the reasons for her termination which documented several instances of tardy arrival, impermissibly long lunch periods, failures to perform certain duties of her position, and the improper use of the agency telephone in receiving extended calls from her boyfriend. Her period of employment lasted approximately ten months.

Ms. Montes–Rodriguez appealed her termination to the Board. In her appeal, she did not dispute that she was a probationary employee at the time of her termination. Instead, she alleged that her termination was motivated by a political disagreement with her superiors and co-workers about what the response of the United States Government should be to the terrorist attacks of September 11, 2001. She alleged that in a conversation with a co-worker about two weeks after the attacks, she disagreed with the co-worker's sentiment that those responsible should be "nuked." She alleged a superior overheard the conversation and became cold and distant as a result, eventually terminating her for her political beliefs.

Before the Board, the Administrative Judge noted the jurisdictional hurdles facing a probationary employee and ordered both sides to submit argument and evidence on the jurisdictional issue. Finding that Ms. Montes–Rodriguez had not established that the Board had jurisdiction over her appeal, the Administrative Judge dismissed the appeal. After the full Board declined review, this appeal followed.

**Discussion**

The Administrative Judge correctly found that there is no statutory right of appeal to the Board for an employee who has been terminated during "a probationary or trial period under an initial appointment." *See* 5 U.S.C. §§ 7511(a)(1)(A) & 4303(f)(2); *Mastriano v. Federal Aviation Admin.*, 714 F.2d 1152, 1155 (Fed.Cir. 1983). By regulation, appeal may be taken from terminations alleged to be based on marital status or for partisan political reasons. 5 C.F.R. § 315.806(b). Ms. Montes–Rodriguez does not dispute that at the time of her termination she was within a probationary period under an initial appointment.[1]

Ms. Montes–Rodriguez argues that her termination was based on partisan political reasons, since the director who terminated her had been appointed under a Republican administration and the views she expressed were more frequently held by Democrats. The Administrative Judge held that such a difference of opinion, even if it were the basis of Ms. Montes–Rodriguez' dismissal, did not constitute discrimi-

---

1. A regulatory source of jurisdiction arises if the termination was not effected in accordance with the procedural requirements of 5 C.F.R. § 315.805. There is no showing that procedural requirements were not met.

nation for a partisan political reason. Discrimination based on a partisan political reason means discrimination "based on affiliation with any political party or candidate." *Mastriano,* 714 F.2d at 1155. The Board did not err in holding that a difference of opinion on a topic on which Democrats and Republicans have varying views does not establish discrimination for partisan political reasons. There was no evidence that Ms. Montes–Rodriguez was terminated from her position as an animal caretaker because she had not favored a nuclear response to terrorism.

As a probationary employee in an initial appointment, Ms. Montes–Rodriguez does not have the right to appeal her termination on other than the narrow grounds set by statute and regulation.