NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3238

VERONICA Y. MCCALL-SCOVENS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  March 30, 2006

_____

Before NEWMAN, RADER, and PROST, Circuit Judges.

PER CURIAM.

Veronica Y. McCall-Scovens petitions for review of the decision of the Merit Systems

Protection Board, Docket No. PH315H040023-I-1, dismissing her appeal for lack of Board

jurisdiction.  We affirm the decision of the Board.

*Background*

Ms. McCall-Scovens was hired as a Medical Support Assistant by the Department of Veterans Affairs in November, 2002. The position was subject to a one-year probationary period. In September, 2003, Ms. McCall-Scovens was discharged during her probationary period for deficient performance, inappropriate conduct, and excessive use of unscheduled leave. The letter informing her of her discharge, dated Sept. 5, 2003, informed her of her appeal rights to the Board, specifically that she could appeal her dismissal only if she alleged it was based on partisan political reasons or marital status discrimination.

Ms. McCall-Scovens timely appealed to the Board. In her petition to the Board she wrote "N/A" in the space for indicating whether the agency's action had been discriminatory. In an acknowledgment order of October 16, 2003, the administrative judge advised Ms. McCall-Scovens that the Board only had jurisdiction to review her dismissal if she made the above allegations of discrimination based on partisan political reasons or marital status. In response to the acknowledgment order, Ms. McCall-Scovens set forth the non-discriminatory basis for her appeal and then alleged discrimination based on partisan politics but made no statement of specific facts that supported the allegation.

On October 27, 2003, the AJ issued a show-cause order pointing out that a probationary employee's allegation that her termination was based on partisan politics must include an allegation that the action was taken because of the appellant's affiliations with a political party or candidate. Ms. McCall-Scovens was given another opportunity to reply, and argued that she had been terminated for partisan political reasons based on the way the agency and her co-workers had treated her during her employment. The AJ found this

to be an inadequate allegation of discrimination based on partisan politics and dismissed the appeal. This petition followed.

***Discussion***

It is well established that probationary employees may only appeal terminations during the probationary period if those actions were based on discrimination because of partisan political affiliation or marital status. See Mastriano v. Federal Aviation Admin., 714 F.2d 1152, 1155 (Fed. Cir. 1983) ("The only cognizable right of appeal by a probationary employee to the MSPB is contained in the regulation previously mentioned, 5 C.F.R. §315.806. This regulation only permits appeals by probationary employees where it is alleged that the agency action resulted from discrimination based upon marital status or partisan political reasons.")

Ms. McCall-Scovens does not allege that she was discriminated against based on her marital status. And the partisan political reprisals she alleges were actions of co-workers and superiors that were unrelated to her political affiliations as that term is used in the regulations -- affiliation with a political party or candidate. Mastriano, 714 F.2d at 1155-56 ("'partisan political reasons,' as used in 5 C.F.R. §315.806(b), means 'discrimination based on affiliation with any political party or candidate.'").

While disputes in the workplace environment are frequently characterized as "office politics," such disputes do not form the basis for a claim of discrimination based on partisan politics. Required are allegations, including allegations of specific facts, showing the discrimination was based on the probationary employee's affiliation with a political party or candidate.

Ms. McCall-Scovens has not made such an allegation, and the Board properly dismissed her appeal.