# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LILLIAN A. FERRARO,
          Appellant,

      v.

DEPARTMENT OF THE ARMY,
          Agency.

DOCKET NUMBER
DA-315H-15-0364-I-1

DATE: January 28, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Lillian A. Ferraro, Deerfield Beach, Florida, pro se.

Donald T. Stevens, Esquire, Fort Sill, Oklahoma, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal of her termination during the probationary period for lack of Board jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

2

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2  On November 3, 2014, the appellant was appointed to the competitive service position of Dental Hygienist, GS-0682-07, subject to completion of a 1-year probationary period. Initial Appeal File (IAF), Tab 13 at 6. She was terminated effective April 10, 2015, on grounds that she "failed to demonstrate fitness for continued employment." *Id.* at 9; IAF, Tab 1 at 9. On appeal, the administrative judge granted the agency's motion to dismiss, finding that the appellant did not meet the definition of "employee" set forth in 5 U.S.C. § 7511(a)(1), and that she had not alleged that her termination was based on partisan political reasons or marital status discrimination. IAF, Tab 17, Initial Decision (ID). She filed this petition for review. Petition for Review (PFR) File, Tab 1.

## ANALYSIS

¶3  On review, the appellant argues that she was discriminated against on the basis of race, age, and national origin and retaliated against her when her supervisor allowed younger colleagues, who were Latino, to harass and bully her.

PFR File, Tab 1 at 2-4, 7-8, 11-13. The appellant asserts that the agency would not tell her why she was being terminated and refused to supply her with any documentation regarding her termination or pretermination counseling. *Id.* at 2-3, 12-13. She asserts that the agency did not give her a notice of proposed termination and an opportunity to respond before making the decision to terminate her. *Id.* at 6-9, 11. She also asserts that the agency denied her union representation, Employee Assistance Program counseling, and the opportunity to file an equal employment opportunity complaint. *Id.* at 3-5, 7-10. The appellant additionally argues that that the administrative judge failed to compel the agency to submit any documents it held regarding her termination. *Id.* at 2, 5.

¶4      The Board does not have jurisdiction over all matters involving a Federal employee that are allegedly unfair or incorrect. *Johnson v. U.S. Postal Service*, 67 M.S.P.R. 573, 577 (1995). Rather, the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by statute or regulation. *Id.* An appellant bears the burden of proving by preponderant evidence that her appeal is within the Board's jurisdiction. 5 C.F.R. § 1201.56(b)(2)(i)(A). Generally, persons serving a probationary period do not meet that definition of "employee" and do not have a statutory right of appeal. *Mastriano v. Federal Aviation Administration*, 714 F.2d 1152, 1155 (Fed. Cir. 1983). For the Board to decide an adverse action appeal, a Federal employee must meet the definition of "employee" set forth in 5 U.S.C. § 7511(a)(1). In that statute, an "employee" is:

> (A) an individual in the competitive service—
>
> > (i) who is not serving a probationary or trial period under an initial appointment; or
> >
> > (ii) who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less;
>
> (B) a preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar positions—

4

> (i) in an Executive agency; or
>
> (ii) in the United States Postal Service or Postal Rate Commission; and
>
> (C) an individual in the excepted service (other than a preference eligible)—
>
> (i) who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or
>
> (ii) who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less.

5 U.S.C. § 7511(a)(1). The appellant was in the competitive service and serving a probationary period. IAF, Tab 13 at 6, 9; *see* 5 U.S.C. § 7511(a)(1)(A)(i). She has not alleged that she had completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. *See* 5 U.S.C. § 7511(a)(1)(A)(ii). She thus does not meet the statutory definition of employee.

¶5    Probationers who do not meet the statutory definition of employee have a limited regulatory right of appeal. 5 C.F.R. § 315.806(a). The appellant was terminated for post-appointment reasons. IAF, Tab 1 at 9. Probationers terminated for post-appointment reasons are entitled to be notified in writing as to why they were separated and the effective date of the action. 5 C.F.R. § 315.804(a). The applicable regulation, however, does not include a right to respond to a notice of termination. *Id.* Additionally, "[t]he information in the notice as to why the employee is being terminated shall, as a minimum, consist of the agency's conclusions as to the inadequacies of his performance or conduct." *Id.* Here, the notice explained that the appellant's termination was "based on a pattern of unprofessionalism, discourteous, rude and inappropriate behavior" towards other staff members at the dental clinic. IAF, Tab 1 at 9. The notice she received thus was adequate. As a probationer terminated for post-appointment reasons, the appellant's appeal rights are limited to review of whether her termination was based on partisan political reasons or marital status

discrimination. 5 C.F.R. § 315.806(a), (b). She has not alleged either of these reasons. Accordingly, although she has alleged other bases of discrimination, *see, e.g.*, IAF, Tab 10 at 3, 5, the Board cannot hear such claims absent an otherwise appealable action, *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

¶6      The record evidence is sufficient to show that the appellant did not meet the definition of employee set forth in 5 U.S.C. § 7511(a)(1). She was terminated for post-appointment reasons during her probationary period. The appellant was given an opportunity to allege facts that would allow her to her establish the Board's jurisdiction under 5 C.F.R. § 315.806(a), (b). IAF, Tab 2 at 2-5. She did not do so. IAF, Tab 10; *see* IAF, Tab 15. Therefore, we will not disturb the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in

title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                              _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.