NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FRANCIS YOMI,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2023-2086

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-16-0764-I-1.

---

Decided:  December 8, 2023

---

FRANCIS YOMI, Santa Fe, NM, pro se.

ALLISON JANE BOYLE, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.

---

Before MOORE, *Chief Judge*, CLEVENGER and STARK, *Circuit Judges.*

PER CURIAM.

Francis Yomi appeals a decision of the Merit Systems Protection Board (Board) dismissing his appeal for lack of jurisdiction. For the following reasons, we *affirm*.

BACKGROUND

Mr. Yomi was hired to the competitive service position of Physical Science Technician by the Department of the Navy on July 7, 2014. S. Appx. 7–8.[1] His employment was subject to a one-year probationary period. *Id.* at 76. On August 28, 2014, management officials informed Mr. Yomi he was being terminated for poor performance. *Id.* at 21. In response, Mr. Yomi resigned, effective the same date. *Id.*

Mr. Yomi filed an administrative appeal to the Board, alleging the Navy breached his employment contract, failed to provide him with a termination letter, and "forced [him] to resign in lieu of terminating him." *Id.* at 21–23. The administrative judge (AJ) issued an initial decision dismissing Mr. Yomi's appeal for lack of jurisdiction because Mr. Yomi failed to non-frivolously allege he had qualifying appeal rights as a probationary employee. *Id.* at 7–10. Specifically, the AJ concluded Mr. Yomi was not an "employee" with appeal rights under 5 U.S.C. § 7511(a)(1), and he failed to make allegations that would qualify him for the limited appeal rights for probationary employees under 5 C.F.R. § 315.806. *Id.* at 8–9. The AJ also concluded, to the extent Mr. Yomi was alleging discrimination or retaliation, the Board did not have jurisdiction because he did not allege an otherwise appealable action. *Id.*

Mr. Yomi filed a petition for review with the Board. *Id.* at 79–85. The Board denied Mr. Yomi's petition for review and affirmed the AJ's initial decision. *Id.* at 1–2. Mr. Yomi

---

[1]    "S. Appx." refers to the supplemental appendix attached to Respondent's Informal Brief.

appeals.   We have jurisdiction pursuant to 28 U.S.C.
§ 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A).

## DISCUSSION

We must uphold the Board's decision unless it is "(1)
arbitrary, capricious, an abuse of discretion, or otherwise
not in accordance with law; (2) obtained without proce-
dures required by law, rule, or regulation having been fol-
lowed; or (3) unsupported by substantial evidence."   5
U.S.C. § 7703(c).   Whether the Board lacks jurisdiction is a
question of law we review de novo.   *Forest v. Merit Sys.
Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995).

To establish Board jurisdiction, the individual appeal-
ing a personnel action must qualify as an "employee" under
5 U.S.C. § 7511(a)(1).   *McCormick v. Dep't of Air Force*, 307
F.3d 1339, 1340–41 (Fed. Cir. 2002); *see also* 5 U.S.C.
§ 7513(d).   As an individual in competitive service, Mr.
Yomi qualifies as an employee if he "is not serving a proba-
tionary or trial period under an initial appointment" or
"has completed 1 year of current continuous service under
other than a temporary appointment limited to 1 year or
less."   5 U.S.C. § 7511(a)(1)(A).   The Board properly con-
cluded Mr. Yomi does not meet this definition.   At the time
of his resignation, Mr. Yomi was "serving a probationary
. . . period."   *See* 5 U.S.C. § 7511(a)(1)(A)(i).   His employ-
ment ended on August 28, 2014—only seven weeks into his
one-year probationary period.   S. Appx. 8, 21.   He therefore
does not qualify as an "employee" with statutory appeal
rights under § 7511(a)(1)(A).

As a probationary employee, Mr. Yomi may only appeal
to the Board under 5 C.F.R. § 315.806.   *Mastriano v. Fed.
Aviation Admin.*, 714 F.2d 1152, 1155 (Fed. Cir. 1983)
("The only cognizable right of appeal by a probationary em-
ployee to the [Board] is contained in . . . 5 C.F.R.
§ 315.806.").   To appeal under this regulation, Mr. Yomi
must allege (1) his termination "was based on partisan po-
litical reasons or marital status"; or (2) the agency proposed

termination based at least in part on pre-appointment reasons and failed to follow the procedural requirements of 5 C.F.R. § 315.805 (i.e., notice of the proposed adverse action, an opportunity to respond, and notice of the adverse decision). 5 C.F.R. § 315.806.

Mr. Yomi does not allege he was terminated based on partisan political reasons or marital status, or that the Navy proposed his termination based on pre-appointment reasons. *See* S. Appx. 21–23. Mr. Yomi has therefore not established appeal rights under 5 C.F.R. § 315.806. Accordingly, the Board properly dismissed Mr. Yomi's appeal for lack of jurisdiction.[2]

## CONCLUSION

We have considered Mr. Yomi's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the Board's dismissal for lack of jurisdiction.

## **AFFIRMED**

## COSTS

No costs.

---

[2] Mr. Yomi argues the Navy terminated him in retaliation for protected whistleblowing disclosures. Appellant's Informal Opening Br., Attachment 1 at 1, 3–4. This claim, however, does not confer independent Board jurisdiction absent an otherwise appealable action. *See Cruz v. Dep't of the Navy*, 934 F.2d 1240, 1245 (Fed. Cir. 1991) (en banc). As discussed above, Mr. Yomi has failed to allege any such appealable action. The Board properly concluded that to the extent Mr. Yomi alleged a retaliation claim, it lacked jurisdiction over such claim. S. Appx. 9.