## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KOURTNEY HOLLINGSWORTH, <br> Appellant, | DOCKET NUMBER <br> DC-315H-21-0101-I-1 |
| v. | |
| DEPARTMENT OF HOUSING AND <br> URBAN DEVELOPMENT, <br> Agency. | DATE: November 26, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Amos Jones, Esquire, Washington, D.C., for the appellant.

Sean Kellem, Esquire, and Sonya M. Kaloyanides, Esquire,
    Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction without holding a hearing. For the reasons discussed below, we GRANT the appellant's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2    Effective June 22, 2020, the agency appointed the appellant to the competitive service position of GS-13 Equal Opportunity Specialist, subject to a 1-year probationary period.  Initial Appeal File (IAF), Tab 7 at 32.  On October 22, 2020, while the appellant was still serving in her probationary period, the agency notified her that she would be terminated from her position, effective close of business, October 23, 2020, based on her failure to demonstrate the qualifications necessary for her position.  IAF, Tab 1 at 8, Tab 7 at 45-47, 49. The appellant timely appealed this termination to the Board.  IAF, Tab 1.  On her appeal form, she acknowledged that she was serving a probationary period at the time of her termination.  *Id.* at 1.  She further alleged that the agency terminated her for partisan political reasons, failed to comply with the requirements of 5 C.F.R. § 315.805, and retaliated against her for equal employment opportunity (EEO) and whistleblowing activity.  *Id.* at 6.

¶3    Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction on finding that she failed to nonfrivolously allege Board jurisdiction.  IAF, Tab 1 at 2, Tab 8, Initial Decision (ID) at 1, 9-10.  Specifically, he found that she was not an employee with appeal rights under 5 U.S.C. chapter 75 and she failed to make a nonfrivolous allegation that the termination was based on marital status discrimination, partisan political reasons, or conditions arising before her appointment.  ID at 5-9.  Without an otherwise appealable action, the administrative judge found that the Board also lacked jurisdiction over the appellant's other claims.  ID at 9-10.

¶4    The appellant has filed a timely petition for review, to which the agency has responded.  Petition for Review (PFR) File, Tabs 3, 5.

## ANALYSIS

An individual in the competitive service who, like the appellant, has not completed her probationary period has no statutory right of appeal to the Board. *Starkey v. Department of Housing and Urban Development*, 2024 MSPB 6, ¶ 16; *Marynowski v. Department of the Navy*, 118 M.S.P.R. 321, ¶ 4 (2012); *see* 5 U.S.C. § 7511(a)(1)(A). However, under certain limited circumstances, there may be a regulatory right of appeal. As relevant here, an individual serving in his probationary period "may appeal . . . a termination not required by statute which he or she alleges was based on partisan political reasons or marital status." 5 C.F.R. § 315.806. To be entitled to a hearing in such an appeal, an appellant must make a nonfrivolous allegation of jurisdiction, that is an allegation of fact that, if proven, would establish that his termination was based on partisan political reasons. *Starkey*, 2024 MSPB 6, ¶ 16 n.4; *Green-Brown v. Department of Defense*, 118 M.S.P.R. 327, ¶ 5 (2012). The appellant's allegations must be more than mere conjecture, and the appellant must provide supporting facts to show that the allegation is not merely a pro forma pleading. *Smirne v. Department of the Army*, 115 M.S.P.R. 51, ¶ 8 (2010). In determining whether the appellant has made a nonfrivolous allegation of jurisdiction, the Board may consider the agency's documentary submissions; however, to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh the evidence and resolve conflicting assertions of the parties, and the agency's evidence may not be dispositive. *Id.*; *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).

Discrimination based on "partisan political reasons" under 5 C.F.R. § 315.806(b) means discrimination based on affiliation with any political party or candidate. *Mastriano v. Federal Aviation Administration*, 714 F.2d 1152, 1155-56 (Fed. Cir. 1983); *Marynowski*, 118 M.S.P.R. 321, ¶ 7. In adjudicating appeals under 5 C.F.R. § 315.806, the Board and the U.S. Court of Appeals for

the Federal Circuit have adapted the analytical framework from Title VII Federal sector discrimination law, with the caveat that proof of Title VII discrimination requires motivating-factor causation while discrimination under section 315.806 requires but-for causation. *Starkey*, ¶¶ 17-18. Thus, one of the ways an appellant can prove discrimination under section 315.806 is by using the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). The first step of that framework is for the appellant to establish a prima facie case by showing that: (1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination. *Wilson v. Small Business Administration*, 2024 MSPB 3, ¶ 16. If the appellant makes out a prima facie case, then the burden shifts to the agency to provide a nondiscriminatory explanation for the action. *Id.*, ¶ 17. If the agency fails to give a nondiscriminatory explanation or the appellant proves that the agency's explanation was pretext, then the appellant has proven that discrimination was a but-for cause of the action.

¶7     We find that the appellant has made nonfrivolous allegations that could support a finding that her termination was based on partisan political reasons under a pretext theory. Specifically, the appellant's allegation that, shortly before her termination, a supervisor stated that her failure to support a particular candidate in the presidential election would harm her professionally could give rise to an inference that her termination was based on partisan political reasons. Although the agency has provided a nondiscriminatory reason for her termination, the appellant challenges the agency's assertion that the appellant's performance was poor; specifically, she claims that the agency never informed her of performance deficiencies prior to her termination. If true, the appellant's claims could support a finding that the agency's stated reason for the termination was pretext.

¶8     In sum, the appellant has made allegations that partisan political discrimination played a role in her termination, and those allegations, if proven,

would establish Board jurisdiction. Accordingly, we remand this matter to the administrative judge. The administrative judge shall develop the record, conduct a hearing, and issue a new initial decision that identifies all material issues of fact and law, summarizes the evidence, resolves issues of credibility, and includes the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests.[2] *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980).

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

[2] The administrative judge shall afford the parties the opportunity to engage in discovery regarding the issues relevant to this appeal. 5 C.F.R. §§ 1201.71-1201.75.