## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JENNIFER NICOLE BROWN,<br>Appellant, | DOCKET NUMBER<br>PH-315H-24-0005-I-1 |
| v. | |
| DEPARTMENT OF AGRICULTURE,<br>Agency. | DATE:  February 18, 2026 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Jennifer Nicole Brown</u>, Providence, Rhode Island, pro se.

<u>Nayoka L. Irving</u>, <u>Jared Smith</u>, and <u>Elizabeth Petrus</u>, Washington, D.C.,
 for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed this probationary termination appeal for lack of jurisdiction.  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

On January 29, 2023, the agency appointed the appellant to the competitive-service position of GS-7 Secretary, subject to completion of a 1-year initial probationary period beginning on that date. Initial Appeal File (IAF), Tab 7 at 55. The agency terminated her appointment effective August 31, 2023, purportedly for misconduct and performance reasons. IAF, Tab 1 at 15, 17-23, Tab 7 at 16, 18-24. There is no dispute that, at the time of her termination, the appellant was serving an initial probationary period and had completed only about 7 months of Federal service. IAF, Tab 1 at 3-4.

An individual in the competitive service who, like the appellant, is serving an initial probationary period and has not completed 1 year of current continuous service has no statutory right to bring an adverse appeal to the Board pursuant to 5 U.S.C. chapter 75. *See Starkey v. Department of Housing and Urban Development*, 2024 MSPB 6, ¶ 16; *Marynowski v. Department of the Navy*, 118 M.S.P.R. 321, ¶ 4 (2012); *see also* 5 U.S.C. §§ 7511(a)(1)(A), 7513(d). However, under certain limited circumstances, there may be a regulatory right to appeal under 5 C.F.R. § 315.806. As relevant here, such an individual may appeal a termination if she alleges that it was based on partisan political reasons or marital status. *See Starkey*, 2024 MSPB 6, ¶ 16; 5 C.F.R. § 315.806(b) (2023). To be entitled to a jurisdictional hearing in such an appeal, an appellant must make a nonfrivolous allegation of jurisdiction, that is, an allegation of fact that, if proven, would establish that her termination was based on partisan political reasons or marital status. *Starkey*, 2024 MSPB 6, ¶ 16 n.4; *Green-Brown v. Department of Defense*, 118 M.S.P.R. 327, ¶ 5 (2012). The appellant's allegations must be more than mere conjecture, and the appellant must provide supporting facts to show that the allegation is not merely a pro forma pleading. *Smirne v. Department of the Army*, 115 M.S.P.R. 51, ¶ 8 (2010).

The appellant asserted that her termination was based on partisan political reasons. IAF, Tab 4 at 5, 10-13. The administrative judge, however, found that her allegations concerning her conversations with coworkers and her supervisor

did not appear to implicate partisan political activity. IAF, Tab 9, Initial Decision (ID) at 3. He determined that she alleged disagreements about race, "which she then viewed as her supervisory chain having some form of discriminatory animus toward her and her views." ID at 4; *see* IAF, Tab 4 at 11-13. He found that the appellant did not identify her political party affiliation or that of her coworkers and supervisors. ID at 4. The AJ further determined that the appellant did not explain how her discussions with coworkers contributed to her probationary termination. *Id.* He concluded that the appellant did not make nonfrivolous allegations that her probationary termination was based on partisan political reasons. *Id.*

Discrimination based on "partisan political reasons" under 5 C.F.R. § 315.806(b) means discrimination based on affiliation with any political party or candidate. *Mastriano v. Federal Aviation Administration*, 714 F.2d 1152, 1155-56 (Fed. Cir. 1983); *Marynowski*, 118 M.S.P.R. 321, ¶ 7. We find that the initial decision did not address several of the appellant's allegations supporting her partisan political discrimination claim. The appellant alleged that, in one instance, her supervisor elicited her political views and then made vulgar, disparaging remarks about supporters of then-former President Donald Trump, who was, in 2023, seeking the Republican party presidential nomination for the upcoming election. IAF, Tab 4 at 6, 12. She stated that this compelled her to clarify to her supervisor that she "was not a Trump supporter." *Id.* at 12. Her supervisor would later effectuate her notice of termination. IAF, Tab 1 at 23, Tab 7 at 24. She provided another example of a coworker joking in the office that the agency should use portraits of then-former President Trump as toilet paper. IAF, Tab 4 at 12. The appellant stated that, although she was not a Trump supporter, she was "dejected for conservative political views and their favoring toward non-whites." *Id.* As an example of the animus against her, she alleged that this coworker later disfavored her by excluding her from the agency's Continuity of Operations plan. *Id.* at 12-13.

As stated above, the same supervisor who made the political remarks also effectuated her notice of termination. IAF, Tab 1 at 23, Tab 4 at 6, 12, Tab 7 at 24. The notice of termination indicates that the agency terminated her appointment due to several instances of misconduct and unsatisfactory performance. IAF, Tab 7 at 16, 18-24. However, the appellant alleged that these stated reasons were pretextual. She claimed that her work performance was "very good" and "improved the efficiency of the office" and that she had not been notified of any conduct issues. IAF, Tab 1 at 9, 14. She stated that, when she met her supervisor for an initial performance meeting, he did not talk about her work and just gossiped. IAF, Tab 4 at 10. She also claimed that her supervisor would not give her a performance plan, which was due 3 months into her appointment, until August 2023, the same month she was terminated. *Id.* She stated that the supervisor refused to discuss what he wrote in the August 2023 performance plan and just instructed her to sign it. *Id.* She suggested that her complaints of harassment for her views were not taken seriously, alleging that her supervisor planned a "field day" with people whom she had reported for harassing her and directed her to schedule the event. *Id.*

Based on the above, we find that the appellant alleged that she was perceived by her supervisor and coworkers as being affiliated with or supporting a recognized political party or candidate for public office and that such a perception led to her termination. IAF, Tabs 1, 4. We find that such a situation fits within the definition of "partisan political reasons" under 5 C.F.R. § 315.806(b). *See Mastriano*, 714 F.2d at 1155-56; *Marynowski*, 118 M.S.P.R. 321, ¶ 7; *Sweeting v. Department of Justice*, 6 M.S.P.R. 715, 716-19 (1981). Therefore, we find that the appellant made nonfrivolous allegations that her termination was based on partisan political reasons, and she is entitled to a jurisdictional hearing at which she must prove her claim by a preponderance of the evidence. *See, e.g., Marynowski*, 118 M.S.P.R. 321, ¶ 9. Because the appellant made allegations to the administrative judge that warranted

a hearing, we have not considered the new evidence and argument she has submitted with her petition for review. On remand, however, the parties may submit additional evidence and argument in accordance with the administrative judge's orders.

While the appellant's petition for review was pending before the Board, the President issued an executive order that is titled Strengthening Probationary Periods in the Federal Service. Exec. Order No. 14284, 90 Fed. Reg. 17729 (Apr. 24, 2025). Among other things, this order states that subpart H of part 315 of Title 5 "is hereby rendered inoperative and without effect. No agency shall give force or effect to its provisions." *Id*. at 17732. The order also instructed the Office of Personnel Management to rescind the same—subpart H of part 315 of Title 5, and OPM complied, effective June 24, 2025. *Id*.; Strengthening Probationary Periods in the Federal Service, 90 Fed. Reg. 26727-01 (June 24, 2025). Subpart H of part 315 of Title 5 includes 5 C.F.R. § 315.806, the regulatory provision under which the appellant is attempting to appeal her probationary termination. On remand, the parties may present arguments about the impact of these changes on this appeal, and the administrative judge should address the matter in the remand initial decision.

**ORDER**

For the reasons discussed above, we remand this case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.