# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

MELISSA A. SILAS,
                    Appellant,

                    v.

DEPARTMENT OF THE TREASURY,
                    Agency.

DOCKET NUMBER
DA-3443-16-0074-I-1

DATE: August 17, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Melissa A. Silas, North Richland Hills, Texas, pro se.

Linda Bailey, Fort Worth, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The agency terminated the appellant from her Veterans' Recruitment Appointment (VRA) to a GS-09 Security Specialist position in the excepted service during her trial period because she failed to successfully complete a condition of her employment, the basic investigator training course at the Federal Law Enforcement Training Center (FLETC).  Initial Appeal File (IAF), Tab 1 at 8-10, Tab 7 at 22.  In her Board appeal, she argued that she is not guilty of the charges in the agency's decision letter and characterized the agency's allegations as false.  IAF, Tab 1 at 6.  She further argued that her termination was not taken to promote the efficiency of the service and claimed that it instead was motivated by title VII discrimination.  *Id.*  The administrative judge gave the appellant notice of her burden to establish jurisdiction over her appeal, and the agency moved to dismiss the appeal for lack of jurisdiction.  IAF, Tabs 2-3, 7.  In response, the appellant argued that the Board has jurisdiction over this appeal because she met the pertinent definition of an employee with appeal rights to the Board, i.e., a preference eligible in the excepted service who had completed 1

year of current continuous service in the same or similar positions in an executive agency. IAF, Tab 11 at 3-4, Tab 12 at 4-5; *see* 5 U.S.C. § 7511(a)(1)(B)(i).

¶3        Without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction because she found the appellant failed to demonstrate that she met the 1 year of current continuous service requirement at the time of her separation. IAF, Tab 13, Initial Decision (ID). In her petition for review, the appellant asserts for the first time that the agency terminated her based on partisan political reasons and her marital status. Petition for Review (PFR) File, Tab 1 at 5-7. She also reiterates her argument that the agency discriminated against her on the basis of an alleged disability, asserting that she sustained an injury during her training at FLETC for which the agency prematurely required her to return to her place of duty, and she argues that, rather than terminate her, the agency could have allowed her to return and try to pass the training again or place her in a position that did not require the training. *Id.* at 8-9. The agency responds in opposition. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4        An individual's right to appeal an adverse action to the Board depends on whether she is or is not an "employee" as defined by 5 U.S.C. § 7511(a)(1). *Bell v. Department of Homeland Security*, 95 M.S.P.R. 580, ¶ 15 (2004). The definition of "employee" includes "a preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar positions—(i) in an Executive agency; or (ii) in the United States Postal Service or Postal Regulatory Commission." 5 U.S.C. § 7511(a)(1)(B). Notably, for a preference eligible in the excepted service, the absence or completion of a probationary or trial period is not determinative of "employee" status. *Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 9 (2011). Rather, the dispositive issue is whether the appellant satisfied the 1–year "current continuous service" requirement when she was separated. *Id.* The term "current continuous

service" means a period of employment or service either in the competitive or excepted service that immediately precedes an adverse action without a break in Federal civilian employment of a workday. *Id.*, ¶ 14; 5 C.F.R. § 752.402.

¶5        The record reflects that the appellant had a break in service of more than a workday between her August 23, 2008 resignation from the YB-02 Unit Administrator position she held with the U.S. Army Reserve Command, IAF, Tab 12 at 6, and her February 2015 appointment to the GS-09 Security Specialist position from which the agency terminated her effective October 30, 2015, IAF, Tab 1 at 8-10. The appellant contended below that the agency had employed her for over 2 1/2 years before her October 30, 2015 termination. The administrative judge specifically ordered the appellant to identify the position(s) she occupied prior to her February 2015 appointment and submit evidence to show any employment by the agency for any period before February 23, 2015. IAF, Tab 10-11. Because the appellant failed to present any evidence in support of her contention that the agency had appointed her to any position prior to February 2015, we agree with the administrative judge that the appellant failed to nonfrivolously allege that she had 1 year of current continuous service when the agency terminated her VRA and that the Board therefore lacks jurisdiction over this appeal under 5 U.S.C. chapter 75. ID at 3-5.

¶6        We also agree with the administrative judge that the appellant failed to show that the Board has jurisdiction over this appeal under 5 C.F.R. § 315.806. ID at 6. An individual serving under a VRA, whose employment is terminated within 1 year after the date of such appointment, has the same right to appeal that termination as a career or career-conditional employee has during the first year of employment. 5 C.F.R. § 307.105. As the administrative judge informed the appellant below, to be entitled to a hearing, she must make a nonfrivolous allegation that her termination was based on partisan political reasons, marital status discrimination, or was based in whole or in part on pre-appointment matters. IAF, Tab 3; 5 C.F.R. § 315.806. The appellant did not allege any of the

above cited grounds in her appeal below, instead arguing the merits of the agency's reasons for her removal. IAF, Tabs 1, 11-12. Thus, we agree with the administrative judge that the appellant failed to establish a regulatory right to appeal her termination under 5 C.F.R. § 315.806. As noted above, she argues for the first time on review that the agency terminated her based on partisan political reasons and her marital status. PFR File Tab 1 at 5-7. The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant does not allege that her arguments are based on new and material evidence, and she offers no reason why the evidence she cites was not available before the record closed. Additionally, the appellant's allegations cite incidents that occurred before her removal, PFR File, Tab 1 at 5-7, but there is no evidence of her having raised these arguments below. Nevertheless, the following discussion demonstrates that, even if we were to consider the appellant's arguments, they do not demonstrate that the administrative judge erred in dismissing the appeal for lack of jurisdiction.

¶7        On review, the appellant, who is Hispanic, claims that her supervisor, who is black, discriminated against her because the appellant's husband is black and the supervisor allegedly "harbored dislike against Hispanic and Caucasian females associated with black men." *Id.* at 5-6. Even if what the appellant alleges is true, it does not constitute discrimination on the basis of her marital status. Discrimination based on the race of an individual's spouse is not marital status discrimination because it does not go to the essence of the individual's status as a married person. *E.g.*, *Pommert v. Department of the Army*, 14 M.S.P.R. 99, 100 (1982).

¶8        The same is true for the appellant's allegation that the agency terminated her for partisan political reasons. She alleges that the agency made her a job offer and then failed to move forward with the process. PFR File, Tab 1 at 6.

After waiting a year and failing to get an explanation, the appellant contacted her member of Congress, and subsequently got a response from the agency withdrawing the tentative job offer due to budgetary constraints. *Id.* at 6-7. The appellant questions the veracity of the agency's budgetary constraint claims and argues that the agency terminated her because it was annoyed by the congressional inquiry she initiated and that it used its VRA authority to hire her to preclude her right to appeal her termination to the Board. *Id.* at 7. However, discrimination based on "partisan political reasons" under 5 C.F.R. § 315.806(b) means discrimination based on affiliation with any political party or candidate. *Mastriano v. Federal Aviation Administration*, 714 F.2d 1152, 1155–56 (Fed. Cir. 1983); *Sweeting v. Department of Justice*, 6 M.S.P.R. 715, 719 (1981). Even if the appellant's allegations are true, her asking for congressional assistance would involve seeking constituent services not partisan politics, and she offers no evidentiary support for her speculation that the agency hired her under its VRA authority to be able to subsequently terminate her without Board appeal rights. Thus, we find that the appellant's allegations of partisan political and marital status discrimination are without merit. Once the Board determines that allegations of marital status or political discrimination are without substance, the appeal will be dismissed for lack of jurisdiction. *Stokes v. Federal Aviation Administration*, 761 F.2d 682, 685‑86 (Fed. Cir. 1985).

¶9        Finally, the appellant reiterates her disability discrimination claim. PFR File, Tab 1 at 8-9. Absent an otherwise appealable action, the Board lacks jurisdiction over the appellant's discrimination claim. *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (finding that allegations of discrimination are not an independent source of appellate jurisdiction, and an underlying appeal within the Board's jurisdiction must first be presented for such allegations to be considered), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). Because we agree with the administrative judge that the Board lacks jurisdiction over the appellant's

termination, the Board also lacks jurisdiction over the appellant's disability discrimination claim.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our

website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:        _____
       Jennifer Everling
       Acting Clerk of the Board

Washington, D.C.