**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| BENJAMIN E. JENKINS,<br>Appellant, | DOCKET NUMBER<br>SF-0752-16-0486-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY,<br>Agency. | DATE: November 8, 2022 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Benjamin E. Jenkins</u>, La Mesa, California, pro se.

<u>Julianne Surane</u>, Port Hueneme, California, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his involuntary resignation appeal for lack of Board jurisdiction. Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

### DISCUSSION OF ARGUMENTS ON REVIEW

¶2      On May 11, 2016, the appellant, a Supervisory Administrative/Technical Specialist, filed a timely appeal alleging that his resignation was involuntary. Initial Appeal File (IAF), Tab 1.  In response to the administrative judge's acknowledgement order noting that the Board may not have jurisdiction over his appeal, the appellant admitted that his resignation was during his probationary period but alleged that the proposed termination that preceded his resignation was for "partisan reasons."  IAF, Tab 2 at 2, Tab 5 at 4-9.

¶3      Without holding the appellant's requested hearing, the administrative judge issued an initial decision finding that the appellant was not an "employee" with Board appeal rights as defined at 5 U.S.C. § 7511(a)(1)(A), and thus the Board lacked jurisdiction over the appellant's probationary appeal.  IAF, Tab 13, Initial Decision (ID) at 1, 8.  The administrative judge also held that the appellant failed to raise nonfrivolous allegations that he was subjected to partisan political discrimination, or that his resignation was involuntary.  ID at 9, 12.  Finally, the administrative judge found that, because the appellant lacked an otherwise

appealable claim, the Board lacked jurisdiction to consider his claims of discrimination and retaliation for engaging in equal employment opportunity activity.  ID at 12-13.

¶4        On review, the appellant does not dispute the fact that he was serving in a probationary period at the time of his resignation.  Petition for Review (PFR) File, Tab 1 at 4, Tab 4 at 4.  Instead, he argues, as he did below, that his proposed termination was motivated by what he describes as "partisan political motivations" and "internal partisan political reasons."  PFR File, Tab 1 at 5, Tab 4 at 4; *see* IAF, Tab 8 at 5.  He also restates his claim that his resignation was involuntary, and argues that his performance was satisfactory and undeserving of the proposed termination.  PFR File, Tab 1 at 4-5.  The agency has responded to the petition for review.  PFR File, Tab 3.

The appellant was not an "employee" under 5 U.S.C. § 7511(a)(1)(A)(i).

¶5        The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  Whether an individual in the competitive service has the right to appeal an adverse action depends on whether he is an "employee" under 5 U.S.C. § 7511(a)(1)(A).  *Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 5 (2013).  Under 5 U.S.C. § 7511(a)(1)(A), an employee is an individual in the competitive service (i) who is not serving a probationary or trial period under an initial appointment, or (ii) who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less.  In an adverse action appeal, an appellant is entitled to a hearing on jurisdiction if he makes a nonfrivolous claim of Board jurisdiction, at which he must prove jurisdiction by preponderant evidence.  *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc).  Nonfrivolous allegations are allegations of fact that, if proven, could establish that the Board has jurisdiction over the matter at issue.  *Walker*, 119 M.S.P.R. 391, ¶ 6 n.2.

¶6          Here, although the administrative judge did not directly address this point, because the appellant was appointed to the position at issue by reinstatement, he is subject to the regulation at 5 C.F.R. § 315.801(a)(2) regarding probationary periods for reinstated individuals.[2]

¶7          An agency may appoint by reinstatement to a competitive-service position an individual who previously was employed under a career or career-conditional appointment.  5 C.F.R. § 315.401(a).  Under 5 C.F.R. § 315.801(a), the first year of service of an employee who is given a career or career-conditional appointment in the competitive service is a probationary period when, among other things, the employee was reinstated under the authority set forth at 5 C.F.R. § 315.401, *unless* during any period of service that affords a current basis for reinstatement, the employee completed a probationary period or served with competitive status under an appointment that did not require a probationary period.  *Abdullah v. Department of the Treasury*, 113 M.S.P.R. 99, ¶¶ 11-12 (2009).  Thus, if the appellant's appointment was a reinstatement appointment that met the criteria of 5 C.F.R. § 315.801(a)(2), then he would be an "employee" with adverse action appeal rights under 5 U.S.C. § 7511(a)(1)(A)(i).  *Id*.

¶8          The Standard Form 50 documenting the appellant's appointment reflects that he was appointed by reinstatement under 5 C.F.R. § 315.401.  IAF, Tab 7 at 11.  Additionally, the agency does not dispute that the appellant was appointed to his position by reinstatement.  *Id*. at 4.  However, as the appellant concedes, and as the undisputed record establishes, the appellant did not complete a probationary period while serving in the position from which he was reinstated, resigning from that position after only 5 months.  PFR File, Tab 4 at 4; IAF, Tab 7 at 10, Tab 10 at 4.  Thus, even if the appellant's prior service were

---

[2] Although the appellant's Standard Form 50 identifies that his appointment was by reinstatement, it does not identify the position from which he was reinstated.  IAF, Tab 7 at 11.  Nothing in the record suggests that the appellant was not reinstated from the non-supervisory Administrative/Technical Specialist position with the agency that he occupied in the year prior to the position involved in this appeal.

considered under 5 C.F.R. § 315.801(a)(2), he still would not have completed the requisite 1-year probationary period, and would not have any statutory right of appeal to the Board.[3]

The administrative judge correctly found that the appellant was not an "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii).

¶9        Alternatively, an appellant can show that, while he may be a probationer, he satisfies the definition of an "employee" in 5 U.S.C. § 7511(a)(1)(A)(ii), which requires that he have "completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less." *Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 9 (2010). The Board has held that, for competitive-service employees, "current continuous service" means a period of employment or service immediately preceding an adverse action without a break in Federal civilian employment of a workday. *Ellefson v. Department of the Army*, 98 M.S.P.R. 191, ¶ 14 (2005); 5 C.F.R. § 752.402.

¶10       It is undisputed that the appellant resigned from his previous Federal position with the same agency, effective September 21, 2014, and thus had a 13-month break in service prior to his November 16, 2015 reinstatement appointment. IAF, Tab 7 at 10-11. The appellant did not identify any other Federal service during the 13-month period between his resignation on September 21, 2014, and his reinstatement appointment on November 16, 2015. IAF, Tab 7 at 11, Tab 10 at 4. Additionally, it is undisputed that the appellant was only employed in his reinstatement position for less than 6 months, from November 16, 2015, until his resignation on May 2, 2016. IAF, Tab 7 at 11, Tab 5 at 14. As such, we agree with the administrative judge's finding that the appellant does not meet the definition of "employee" under 5 U.S.C.

---

[3] We also agree with the administrative judge that the appellant's prior service cannot be counted towards the completion of his probationary period under 5 C.F.R. § 315.802(b) because it was followed by a break in service of more than 30 calendar days.

§ 7511(a)(1)(A)(ii) because he lacked 1 year of current continuous service. ID at 6-7.

<u>The appellant has not demonstrated that he was subjected to discrimination on the basis of any partisan political activity.</u>

¶11    In describing his claim of discrimination on the basis of partisan political activity, the appellant argues that he was in the "wrong camp" and one "adverse to" his supervisor within the agency's contracting department, and that this was the reason that the agency proposed his termination. PFR File, Tab 1 at 5-6. The appellant misunderstands the meaning of the language; the phrase "partisan political reasons" as used in 5 C.F.R. § 315.806(b), means "discrimination based on affiliation with any political party or candidate." *Mastriano v. Federal Aviation Administration*, 714 F.2d 1152, 1155-56 (Fed. Cir. 1983). The appellant does not allege that he suffered any discrimination based on his affiliation with any political party or candidate. Instead, he repeatedly argues for an expanded reading of the term "partisan political motivations" to include the agency's internal "partisan" divisions. PFR File, Tab 1 at 5. However, nothing in 5 C.F.R. § 315.806(b) or in any prior Board precedent contemplates such a reading of the term.

¶12    Merely citing the language, the appellant has not provided any evidence that he suffered any harm as a result of his affiliation with any political party or candidate, or even that any agency employee was aware that he had any such affiliation. PFR File, Tab 1 at 5-6. As such, we agree with the administrative judge's conclusion that the appellant's allegation of partisan political status discrimination is without merit.

¶13    Finally, as he did below, the appellant argues that his resignation was involuntary, stating that the agency coerced him into resigning by placing him in a "high stress" situation that "effectively deprived [him] of free choice" when it instructed him that he would be terminated and provided him the opportunity to resign in lieu of termination. *Id*. at 4. The appellant also argues that his

performance was adequate and that he was not advised of any performance problems prior to being informed that he would be terminated. *Id.* at 5. These arguments pertain to the merits of the involuntary resignation claim, rather than to the Board's jurisdiction over the appeal, and do not provide a basis to disturb the initial decision. *See Schmittling v. Department of the Army*, 219 F.3d 1332, 1337 (Fed. Cir. 2000) (finding that a decision on the merits would be a nullity in the absence of Board jurisdiction); *Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 7 (2012) (finding that an appellant's arguments on review regarding the merits of an agency action were not relevant to whether the Board had jurisdiction over an appeal).

¶14     Accordingly, we affirm the administrative judge's determination to dismiss the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

   If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

   Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

   If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

   Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

   http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                    /s/ for
                                     _____
                                     Jennifer Everling
                                     Acting Clerk of the Board
Washington, D.C.