**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2023 MSPB 17**

Docket No. AT-0752-20-0508-I-1

**Jeremiah Timothy White,**

**Appellant,**

**v.**

**Department of the Army,**

**Agency.**

May 3, 2023

Jeremiah Timothy White, Jacksonville, Florida, pro se.

Guy E. Reinecke, Saint Augustine, Florida, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**OPINION AND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his alleged involuntary demotion appeal for lack of jurisdiction. For the reasons set forth below, we DENY the petition for review, MODIFY the administrative judge's analysis as to why section 512(a) of the National Defense Authorization Act for Fiscal Year 2017 (2017 NDAA), Pub. L. No. 114-328, 130 Stat. 2000, 211-13 (2016) (codified, as relevant here, at 32 U.S.C. § 709(f)(4)-(5), (g)(1)), does not apply retroactively to this appeal, but otherwise AFFIRM the initial decision.

## BACKGROUND

The Department of the Air Force employed the appellant as an Aircraft Pneudraulic Systems Mechanic.[1] Initial Appeal File (IAF), Tab 1 at 1, 6. The agency appointed the appellant to his position as a "dual status" technician under 32 U.S.C. § 709. IAF, Tab 1 at 6, Tab 5 at 8. In late 2014, due to what the agency described as the appellant's "inability to perform [his] duties," it issued him an "Employee Decision Form" which provided him with three employment options. IAF, Tab 5 at 10-12. The options were as follows: (1) a change to a lower grade; (2) extended leave without pay; or (3) a resignation. *Id.* At the appellant's election, on December 14, 2014, he was demoted to the position of Tools and Parts Attendant, which reduced his grade and salary.[2] IAF, Tab 1 at 6, Tab 5 at 13.

The appellant subsequently appealed his demotion to the Board, alleging that the agency violated Technician Personnel Regulation (TPR) 715, subjected him to "unfair work practices," and discriminated against him. IAF, Tab 1 at 3. The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 8, Initial Decision (ID) at 1, 4. Therein, the

---

[1] A dual status technician, like the appellant, "is an employee of the Department of the Army or the Department of the Air Force, as the case may be, and an employee of the United States." 32 U.S.C. § 709(e); *Fitzgerald v. Department of the Air Force*, 108 M.S.P.R. 620, ¶ 14 (2008). Thus, although the appellant identified himself as an employee of the Florida Air National Guard, for purposes of this appeal he is an Air Force employee. IAF, Tab 1 at 1, 6. Accordingly, it appears that this case was incorrectly docketed against the Department of the Army. However, given the Florida National Guard's participation in the case and our disposition affirming the initial decision, we find no prejudice in this error. IAF, Tab 5 at 7; Petition for Review File, Tab 3 at 8; *see Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (finding an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

[2] The agency subsequently terminated the appellant from his dual status position due to his loss of compatible military membership. IAF, Tab 5 at 8. However, the appellant does not challenge his separation from Federal service in the instant appeal.

administrative judge found that, at the time of the appellant's demotion, the Board lacked jurisdiction to review adverse action and involuntary adverse action appeals from dual status technicians appointed under 32 U.S.C. § 709. ID at 2-3. In addition, the administrative judge determined that the amendments to section 709 set forth in the 2017 NDAA, which extended Board adverse action appeal rights under chapter 75 to dual status technicians under certain circumstances, did not apply retroactively, and thus did not provide for Board jurisdiction in this matter. ID at 3 n.3. Finally, the administrative judge found that, because the Board lacks jurisdiction over the underlying demotion, it does not have authority to adjudicate the appellant's disability discrimination claim. ID at 3-4.

¶4    The appellant has filed a petition for review, alleging that he was coerced into electing a demotion, rendering it involuntary. Petition for Review (PFR) File, Tab 1 at 4-6. He further reiterates that the agency discriminated against him and asserts that the agency violated various TPRs, Florida state law, and criminal statutes. *Id.* at 4-8. The agency has responded to his petition for review, and the appellant has replied to its response. PFR File, Tabs 3-4.

## ANALYSIS

### The administrative judge correctly determined that the amendments to section 709 of the NDAA do not apply retroactively.

¶5    As discussed above, the administrative judge found that the amendments to section 709 of the 2017 NDAA, which extend Board appeal rights to dual status technicians under certain circumstances, do not apply retroactively.[3] ID at 3 n.3.

---

[3] The 2017 NDAA limits dual status National Guard Technician appeals of most agency actions to the adjutant general of the relevant jurisdiction "when the appeal concerns activity occurring while the member is in a military pay status, or concerns fitness for duty in the reserve components." 32 U.S.C. § 709(f)(4). The law affords appeal rights pursuant to 5 U.S.C. §§ 7511-7513 concerning any activity not covered by subsection (f)(4). 32 U.S.C. § 709(f)(5). Office of Personnel Management regulations

The appellant does not challenge this finding on review. Although we agree with the administrative judge's conclusion, we modify the initial decision to supplement the analysis on retroactivity.

¶6		Prior to the 2017 NDAA, the statutory scheme covering dual status technicians did not allow for Board appeals challenging adverse actions such as reductions in grade or pay, or removals. *McVay v. Arkansas National Guard*, 80 M.S.P.R. 120, 123 (1998). Section 512(a) of the 2017 NDAA amended 32 U.S.C. § 709 to provide that, when a dual status technician is in a non-military pay status, he is entitled to appeal adverse actions to the Board in certain limited circumstances. 32 U.S.C. § 709(f)(4)-(5); (g)(1); *Dyer v. Department of the Air Force*, 971 F.3d 1377, 1382-84 (Fed. Cir. 2020).

¶7		Here, as noted above, the appellant was demoted in December 2014, prior to the 2017 NDAA's enactment on December 23, 2016. IAF, Tab 1 at 6. As discussed below, the amended statutory provision of section 709 is not retroactive and thus does not apply to this appeal.

¶8		The proper analytical framework for determining whether a new statute should be given retroactive effect was set forth by the Supreme Court in *Landgraf v. USI Film Products*, 511 U.S. 244, 280 (1994):

> When a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach. If Congress has done so, of course, there is no need to resort to judicial default rules. When, however, the statute contains no such express command, the court must determine whether the new statute would have retroactive effect, i.e., whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new

implementing the 2017 NDAA, which became effective on December 12, 2022, state that adverse actions and performance-based removals or reductions in grade of dual status National Guard Technicians are not appealable to the Board except as provided by 32 U.S.C. § 709(f)(5). 5 C.F.R. §§ 432.102(b)(16), 752.401(b)(17); *see* Probation on Initial Appointment to a Competitive Position, 87 Fed. Reg. 67,765, 67,782-83 (Nov. 10, 2022).

duties with respect to transactions already completed. If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result.

¶9    When Congress intends for statutory language to apply retroactively, it is capable of doing so very clearly. *King v. Department of the Air Force*, 119 M.S.P.R. 663, ¶ 9 (2013) (citing *Presidio Components*, *Inc. v. American Technical Ceramics Corp.*, 702 F.3d 1351, 1364-65 (Fed. Cir. 2012) (giving retroactive effect to amendments enacted in 2011 in light of express statutory language that the amendments applied to "all cases, without exception, that are pending on, or commenced on or after, the date of the enactment of this Act")). Here, the 2017 NDAA, as enacted, is silent regarding the retroactivity of this amendment to section 709. Thus, applying the first part of the *Landgraf* test, we find that Congress has not expressly prescribed the statute's proper reach.

¶10    Turning to the second part of the *Landgraf* test, we find that the 2017 NDAA would increase the agency's liability for past conduct. As noted above, prior to the 2017 NDAA, the Board lacked jurisdiction over dual status technicians' appeals involving adverse actions such as reductions in grade or pay. *McVay*, 80 M.S.P.R. at 123. Thus, to hold now that the agency's act of demoting the appellant is subject to Board review, and potential reversal, would increase the agency's liability.[4] *See Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 7 (2015) (declining to give retroactive effect to the Whistleblower Protection Enhancement Act of 2012 (WPEA) provision expanding jurisdiction over certain protected activity because doing so would increase a party's liability for past conduct as compared to pre-WPEA liability).

---

[4] Nothing in the 2017 NDAA or elsewhere suggests that it clarified an existing law. *Cf. Day v. Department of Homeland Security*, 119 M.S.P.R. 589, ¶¶ 10-26 (2013) (observing that when legislation clarifies existing law, its application to pre-enactment conduct does not raise concerns of retroactivity).

Accordingly, considering the test set forth in *Landgraf*, we find no basis for finding that the 2017 NDAA amendments to 32 U.S.C. § 709 are retroactive.

<u>The administrative judge correctly found that the Board lacks jurisdiction over the appellant's demotion.</u>

¶11     The appellant argues on review that he is a Federal employee and thus the Board has jurisdiction over his appeal. PFR File, Tab 1 at 4. The administrative judge held that the Board lacked jurisdiction over appeals brought by Federal employees appointed under 32 U.S.C. § 709. ID at 2-3. We agree with the administrative judge.

¶12     Applying the language of section 709 prior to the enactment of the 2017 NDAA, the Board has consistently held that it lacked chapter 75 jurisdiction over adverse actions brought by dual status technicians appointed under section 709, like the appellant. *McVay*, 80 M.S.P.R. at 123; *see Ockerhausen v. State of New Jersey Department of Military and Veterans Affairs*, 52 M.S.P.R. 484, 489 (1992) (finding that the Board lacked jurisdiction over adverse actions brought by National Guard technicians because they are expressly excluded under the applicable statutes). As such, although the appellant is correct that he is a Federal employee, he nonetheless has failed to meet his burden of establishing jurisdiction over this appeal.

¶13     Moreover, because we lack jurisdiction over the appeal, we likewise lack jurisdiction over the appellant's discrimination claim. ID at 3-4; *see Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (finding prohibited personnel practices and affirmative defenses are not independent sources of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). Similarly, we lack jurisdiction to consider the appellant's claims that the agency violated various state and Federal laws. *See Wren*, 2 M.S.P.R. at 2. Accordingly, we affirm the initial decision as modified to supplement the administrative judge's analysis on the retroactivity of the amendments to section 709 of the 2017 NDAA.

ORDER

¶14    This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:


/s/
_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.