# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TRAVIS GARY SCHOOLEY,
          Appellant,

        v.

DEPARTMENT OF THE ARMY,
          Agency.

DOCKET NUMBER
PH-1221-22-0045-W-2

DATE: August 27, 2024

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Reginald L. Tolbert</u>, Chambersburg, Pennsylvania, for the appellant.

<u>Joleen Payeur Olsen</u>, Esquire, Chambersburg, Pennsylvania, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and did not participate in the adjudication of this appeal.

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons set forth below, we GRANT the petition for review, VACATE the initial decision, and REMAND this matter for further adjudication.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2      According to the appellant, he has a long history of involvement in political affairs in Franklin County, Pennsylvania, and its various municipalities, including running for elected office, serving on the Republican Committee, advocating for and against candidates, and supporting taxpayer and citizen causes. *Schooley v. Department of the Army*, MSPB Docket No. PH-1221-22-0045-W-1, Initial Appeal File (W-1 IAF), Tab 7 at 11, 18-21. In 2019, while an employee of Quincy Township, a municipality within Franklin County, the appellant disclosed water quality issues to the Pennsylvania Department of Environmental Protection. W-1 IAF, Tab 1 at 13, Tab 7 at 25-26. Thereafter, between February 2020 and March 2021, investigators from the Pennsylvania Attorney General's Office and the Federal Bureau of Investigation met with the appellant multiple times concerning their investigation into alleged wrongdoing by a township supervisor while the appellant was employed by the township and ultimately subpoenaed the appellant to appear before a grand jury. W-1 IAF, Tab 1 at 29-31, 40, 44.

¶3      Meanwhile, on January 21, 2021, the agency appointed the appellant to a GS-11 Community Planner position in the competitive service at Letterkenny Army Depot (LEAD), which is located in Franklin County, Pennsylvania. W-1 IAF, Tab 1 at 76. The appointment was subject to a 2-year probationary period.[2] *Id*.

¶4      On June 15, 2021, the appellant reported his involvement in the investigation by the Pennsylvania Attorney General's Office and the Federal

---

[2] Congress enacted the National Defense Authorization Act for Fiscal Year 2016 (2016 NDAA) on November 25, 2015. Pub. L. No. 114-92, 129 Stat. 726. The 2016 NDAA extended the probationary period for an individual appointed to a permanent competitive service position at the Department of Defense to a 2-year probationary period and provided that such individual only qualifies as an "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii) if he has completed 2 years of current continuous service. Pub. L. No. 114-92, § 1105, 129 Stat. 726, 1023-24 (codified, as relevant here, at 10 U.S.C. § 1599e and 5 U.S.C. § 7511(a)(1)(A)(ii)). The National Defense Authorization Act for Fiscal Year 2022, enacted on December 27, 2021, repealed 10 U.S.C. § 1599e and the 2-year probationary period, effective December 31, 2022. Pub. L. No. 117-81, § 1106, 135 Stat. 1541, 1950.

Bureau of Investigation to the agency security office. W-1 IAF, Tab 1 at 26. As a result of the investigation, on June 24, 2021, the appellant was arrested and criminally charged.[3] *Id*. at 72. In September 2021, the agency proposed the appellant's termination, referencing the arrest and criminal charges and explaining that, although the charges stemmed from conduct that occurred while the appellant worked for his previous employer, they created questions about his judgment and integrity. *Id*. at 15-16. The appellant responded to the proposed removal, contending that the action was motivated by partisan politics based on his prior political and civic activities. *Id*. at 49-59. Thereafter, the agency terminated the appellant effective October 29, 2021. *Id*. at 19-23.

¶5      On appeal to the Board, the appellant again raised his claim that his termination was motivated by partisan politics and also asserted that it was motivated by his disclosures about wrongdoing by various state, county, and municipal officials. *Id*. at 6-12. He included what appears to be a cover sheet or contact information document referencing a November 26, 2021 filing with the Office of Special Counsel (OSC). *Id*. at 5. The appellant requested a hearing. *Id*. at 2.

¶6      The regional office docketed the appeal as an IRA appeal and informed the appellant of the jurisdictional elements of an IRA appeal, including the requirement that the appellant establish that he exhausted his remedies with OSC. W-1 IAF, Tab 2. Subsequently, the administrative judge informed the appellant of his burden to establish Board jurisdiction over an appeal of a probationary termination and explained that he would only be afforded a hearing if he made a nonfrivolous allegation of jurisdiction. *Schooley v. Department of the Army*, MSPB Docket No. PH-1221-22-0045-W-2, Appeal File (W-2 AF), Tab 13 at 2.

¶7      After affording the parties an opportunity to develop the record, the administrative judge issued an initial decision finding, among other things, that

---

[3] The appellant avers on review that the prosecutor has dismissed the criminal charges and the matter is in the process of being expunged. Petition for Review File, Tab 1 at 5.

the appellant filed a complaint with OSC, but that the filing was not in the record. W-2 AF, Tab 22, Initial Decision (ID) at 2. The administrative judge dismissed the appeal for lack of jurisdiction, reasoning that the appellant did not allege sufficient factual matters, accepted as true, to state a claim that was plausible on its face as required by the applicable case law. ID at 4.

¶8     The appellant has filed a petition for review arguing that the administrative judge erred in adjudicating the appeal as one involving reprisal for whistleblowing and not partisan political discrimination, as his whistleblowing did not relate to the agency but to state and local Governments. Petition for Review (PFR) File, Tab 1 at 8-10. The appellant also argues that he filed a complaint with OSC raising his claims of partisan political discrimination, that the administrative judge mistakenly stated that "no such filing is on the record," and that the OSC complaint is now exhausted. *Id*. at 16-18. The appellant further argues that the deciding official in his termination obtained information about the criminal case from his political rivals outside of the agency or from the base commander, who had close contacts with the appellant's political rivals. *Id*. at 12-16. Finally, the appellant asserts that the administrative judge made various procedural errors and was biased in favor of the agency. *Id*. at 18-25. The agency has responded to the petition for review and the appellant has replied to that response.[4] PFR File, Tabs 4-5.

---

[4] The agency's response to the petition for review was due on May 13, 2023. PFR File, Tab 2. The agency did not file its response until May 15, 2023. *Id.*, Tab 4. Because May 13, 2023, was a Saturday, we find the response was due on Monday, May 15, 2023, and was thus timely filed. 5 C.F.R. § 1201.23. The appellant's reply to the agency's response was due within 10 days of the date of service of the agency's response, which was May 15, 2023, and thus the appellant's reply was due on May 25, 2023. PFR File, Tabs 2, 4; 5 C.F.R. § 1201.114(e). The appellant did not file his reply to the response until June 2, 2023, and thus it was untimely filed. 5 C.F.R. § 1201.114(e). Accordingly, we have not considered the reply. 5 C.F.R. § 1201.114(g).

**ANALYSIS**

<u>The appellant has made a nonfrivolous allegation of jurisdiction over his claim that his probationary termination was based on partisan political reasons entitling him to a hearing.</u>

¶9    An individual in the competitive service who, like the appellant, has not completed his probationary period has no statutory right of appeal to the Board. *Starkey v. Department of Housing and Urban Development*, 2024 MSPB 6, ¶ 16; *Marynowski v. Department of the Navy*, 118 M.S.P.R. 321, ¶ 4 (2012); W-1 IAF, Tab 1 at 1, 76, Tab 3 at 14; *see* 5 U.S.C. § 7511(a)(1)(A). However, under certain limited circumstances, there may be a regulatory right of appeal. As relevant here, an individual serving in his probationary period "may appeal . . . a termination not required by statute which he or she alleges was based on partisan political reasons or marital status."[5]   5 C.F.R. § 315.806. To be entitled to a hearing in such an appeal, an appellant must make a nonfrivolous allegation of jurisdiction, that is, an allegation of fact that, if proven, would establish that his termination was based on partisan political reasons. *Starkey*, 2024 MSPB 6, ¶ 16 n.4; *Green-Brown v. Department of Defense*, 118 M.S.P.R. 327, ¶ 5 (2012). The appellant's allegations must be more than mere conjecture and the appellant must provide supporting facts to show that the allegation is not merely a pro forma pleading. *Smirne v. Department of the Army*, 115 M.S.P.R. 51, ¶ 8 (2010). In determining whether the appellant has made a nonfrivolous allegation of jurisdiction the Board may consider the agency's documentary submissions; however, to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of

---

[5] The administrative judge provided the appellant with notice regarding the elements and burdens of proof associated with appealing a probationary termination, including those related to a claim that the agency took the action, in whole or in part, based on preappointment reasons and did not follow the procedures set forth in 5 C.F.R. § 315.805. W-2 AF, Tab 13 at 2. Although the appellant has alleged that the termination was based on preappointment reasons, namely his political and civic activities, he has not alleged that the agency failed to follow the procedures set forth in 5 C.F.R. § 315.805(a)-(c).

jurisdiction, the administrative judge may not weigh the evidence and resolve conflicting assertions of the parties, and the agency's evidence may not be dispositive. *Smirne*, 115 M.S.P.R. 51, ¶ 8; *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).

¶10 Discrimination based on "partisan political reasons" under 5 C.F.R. § 315.806(b) means discrimination based on affiliation with any political party or candidate. *Mastriano v. Federal Aviation Administration*, 714 F.2d 1152, 1155-56 (Fed. Cir. 1983); *Marynowski*, 118 M.S.P.R. 321, ¶ 7. Here, the appellant detailed his past affiliation with a political party, political activity in support of various candidates, and his own candidacy for political office and alleges that he was terminated because of those activities. The question presented at this stage of the proceeding is whether the appellant made a nonfrivolous allegation regarding that claim.

¶11 In his initial appeal, the appellant noted that the deciding official wrote in the termination decision that the criminal investigation of the appellant started before he was hired at LEAD. W-1 IAF, Tab 1 at 7, 20, 22. The appellant argued that neither he nor his attorney were aware that the investigation of the appellant began before he commenced work at LEAD and that only the investigators and some witnesses would have known such details about the investigation. *Id*. at 7; W-1 IAF, Tab 7 at 10. He further argued that specific political rivals provided information about the investigation to the agency, that the agency terminated him "at the request, behest, suggestion, advisement, or the encouragement" of those rivals, and that the collusion of agency officials in that outside request constituted partisan political discrimination.[6] W-1 IAF, Tab 7 at 10-12. The appellant

---

[6] The appellant argued below and on review that these communications constituted improper ex parte communications violative of his constitutional rights. W-1 IAF, Tab 1 at 7, Tab 7 at 10-13; PFR File, Tab 1 at 12-16; *see Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376 (Fed. Cir. 1999) (finding that a deciding official violates an employee's due process rights when he relies upon new and material ex parte information as a basis for his decisions on the merits of an adverse action); *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011) (finding that a deciding official violates an employee's due process rights when he relies upon new and

supported his claim that the aforementioned political rivals were in contact with senior agency officials by providing photographs and social media posts about meetings and events involving political rivals and agency officials. W-2 AF, Tab 15 at 4-8, Tab 16 at 4-9. Regarding the appellant's allegations, which were also raised in his response to the proposed termination, the deciding official specifically stated that he "had no contact with any person from Franklin County regarding [the appellant's] employment at LEAD." W-1 IAF, Tab 1 at 19 (emphasis in original). As discussed above, however, in determining whether the appellant has made a nonfrivolous allegation of jurisdiction, the Board may not weigh evidence.[7] *Smirne*, 115 M.S.P.R. 51, ¶ 8; *Ferdon*, 60 M.S.P.R. at 320.

¶12        In sum, the appellant has made allegations that partisan political discrimination played a role in his termination and those allegations, if proven, would establish Board jurisdiction. Accordingly, we remand this matter to the administrative judge. The administrative judge shall develop the record, conduct a hearing, and issue a new initial decision that identifies all material issues of fact and law, summarizes the evidence, resolves issues of credibility, and includes the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests.[8] *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980).

---

material ex parte information as a basis for his decisions on the penalty to be imposed for misconduct). The Board may only address affirmative defenses, such as those raised by the appellant, if it has jurisdiction over the underlying action. *White v. Department of the Army*, 2023 MSPB 17, ¶ 13. Accordingly, we need not address the appellant's claim.

[7] We are aware that it is not unusual for local political leaders to meet with senior leaders from military bases located in the community, but, as stated, at this stage of the proceeding the Board cannot weigh the probative value of the evidence.

[8] The administrative judge shall afford the parties the opportunity to engage in discovery regarding the issues relevant to this appeal. 5 C.F.R. §§ 1201.71-1201.85.

Because the appellant has provided evidence of OSC exhaustion, we remand the appeal for further adjudication, including specific notice of the jurisdictional elements when a disclosure involves purported wrongdoing by a non-Federal entity.

¶13    As mentioned above, the administrative judge adjudicated the appellant's appeal as an IRA appeal and dismissed it for lack of jurisdiction. On review, the appellant argues that he did not intend his appeal to be considered as an IRA appeal because his whistleblowing did not relate to the agency, but instead related to state and local Governments. PFR File, Tab 1 at 8-10. Although we acknowledge the appellant's statement, we are concerned about the adequacy of the administrative judge's notice to the appellant.

¶14    With his petition for review, the appellant provides a November 14, 2022 letter from OSC setting forth its initial findings regarding his allegations of prohibited personnel practices, including under 5 U.S.C. § 2302(b)(8), which prohibits reprisal for whistleblowing.[9] PFR File, Tab 1 at 51-53. In that letter, OSC described the appellant's complaint as including allegations that someone revealed the investigation of the appellant in reprisal for his 2019 disclosure about water quality issues to the Pennsylvania Department of Environmental protection. *Id*. at 52-53.

¶15    The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)

---

[9] According to OSC's letter, the appellant also raised alleged violations of 5 U.S.C. § 2302(b)(4), regarding willfully obstructing an individual's right to compete for a Federal position. PFR File, Tab 1 at 52. Such a claim is not a basis for Board jurisdiction. *Stroud v. Department of Veterans Affairs*, 2022 MSPB 43, ¶ 24 (stating that prohibited personnel practices are not an independent source of Board jurisdiction); *Gaugh v. Social Security Administration*, 87 M.S.P.R. 245, ¶ 7 (2000) (stating that allegations of prohibited personnel practices, including 5 U.S.C. § 2302(b)(4), are not within the Board's jurisdiction in an IRA appeal). After considering the appellant's response, OSC closed its investigation in a December 1, 2022 letter. PFR File, Tab 3 at 9-10.

(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Williams v. Department of Defense*, 2023 MSPB 23, ¶ 8; *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). Although the appellant failed to provide evidence of OSC exhaustion below,[10] the issue of jurisdiction is always before the Board and evidence of exhaustion may be considered for the first time on review. *See, e.g., Schoenig v. Department of Justice,* 120 M.S.P.R. 318, ¶ 7 (2013); *Atkinson v. Department of State*, 107 M.S.P.R. 136, ¶ 12 (2007). Thus, we will consider the evidence of OSC exhaustion submitted for the first time on review.

¶16     The Board's IRA jurisdiction is limited to those issues that have been previously raised with OSC. *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 7. However, an appellant may give a more detailed account of his whistleblowing activities before the Board than he did to OSC. *Id*. Here, the appellant raised essentially the same allegations that he was terminated from his position with LEAD because of his disclosures about water quality to OSC and the Board. Thus, we find that he exhausted that matter with OSC.

¶17     As mentioned previously, the administrative judge provided the appellant with general notice regarding the burdens of proof in his IRA appeal, but that notice was inadequate under the facts of this case. W-2 AF, Tab 13. Specifically, as discussed above, the appellant's claims of whistleblowing involved disclosures of purported wrongdoing by a non-Federal Government entity. The Board has held that a disclosure of wrongdoing committed by a non-Federal Government entity may be protected when the Government's interests and good name are

---

[10] In his petition for review, the appellant asserts that the administrative judge erred by stating that a copy of the appellant's OSC complaint was not in the record. PFR File, Tab 1 at 17; ID at 2. To the extent that the appellant filed a copy of his OSC complaint with the administrative judge, he did not clearly identify it as such and we discern no error in the administrative judge's statement.

implicated in the alleged wrongdoing, and the employee shows that he reasonably believed that the information he disclosed evidenced that wrongdoing. *Covington v. Department of the Interior*, 2023 MSPB 5, ¶ 16; *Miller v. Department of Homeland Security*, 99 M.S.P.R. 175, ¶ 12 (2005). Because it was never explained to him, the appellant may not have understood the possible validity of a claim of whistleblower reprisal involving non-Federal Government wrongdoing. Accordingly, on remand, the administrative judge shall provide the appellant with specific notice regarding Board jurisdiction over a claim of reprisal for whistleblowing when the disclosure involved alleged wrongdoing by a non-Federal Government entity. If, after receiving such notice, the appellant does not wish to pursue a whistleblower reprisal claim, he should inform the administrative judge of his decision.

<u>The appellant's claim that the administrative judge was biased does not establish a basis to disturb the initial decision.</u>

¶18    In his petition for review, the appellant asserts, among other things, that the administrative judge was biased against him as evidenced by the administrative judge's rulings and conduct during the proceedings below, his not treating the appellant and his union representative with special consideration because they are not attorneys, and his failure to sanction the agency for missing a status conference. PFR File, Tab 1 at 18-22. A party claiming that an administrative judge was biased must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Maloney v. Executive Office of the President*, 2022 MSPB 26, ¶ 38; *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if his comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The Board will not infer bias based on an administrative judge's case-related

rulings. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013); *see Maloney*, 2022 MSPB 26, ¶ 38. While the Board, in some circumstances, may be more lenient toward pro se appellants, here, the appellant was represented throughout the proceedings by a union representative and thus, contrary to the appellant's arguments, the administrative judge was not required to show leniency in applying the Board's procedures.[11] *Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶ 24. Finally, an administrative judge has broad discretion to control the proceedings before him, including ruling on sanctions, and the Board will not disturb an administrative judge's determinations absent an abuse of discretion. *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 9; *El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 16 (2015) (finding no abuse of discretion when an administrative judge denied an appellant's motion of sanctions). We discern no abuse of discretion here.[12] Thus, we are not persuaded by the appellant's claims that the administrative judge acted improperly.

---

[11]To the extent the appellant asserts that he experienced difficulty in submitting large attachments electronically during the proceedings below, PFR File, Tab 1 at 22-24, he may submit the relevant evidence on remand consistent with the administrative judge's instructions and the Board's regulations.

[12] Regarding the appellant's contentions that the administrative judge failed to address certain motions, PFR File, Tab 1 at 21-22, the appellant has not shown how he was harmed by any procedural error by the administrative judge, particularly because the appeal is being remanded. *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (stating that an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

## ORDER

¶19     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.